UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| LAND OF LINCOLN HOUSING OF | ) Case No. |
| TAMPICO LIMITED PARTNERSHIP; | ) |
| ILLINOIS HOUSING DEVELOPMENT | ) |
| AUTHORITY; UNKNOWN OWNERS AND | ) Judge |
| NON-RECORD CLAIMANTS, | ) |
| | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

Now comes, UNITED STATES OF AMERICA, by and through its attorneys, POTESTIVO & ASSOCIATES, P.C, Private Counsel for the United States Attorney for the Northern District of Illinois, and for its causes of action alleges that:

### Common Allegations to All Counts

### Jurisdiction

1.    This is a civil action brought pursuant to 28 U.S.C. §1345 to foreclose the following described federal mortgages.

### Venue

2.    This civil action is brought in a judicial district in which a substantial part of the property that is the subject of the action is situated, as authorized by 28 U.S.C. §1391(b).

## Parties

3.     The United States of America bring this civil action on behalf of the Rural Housing Service, formerly known as Farmers Home Administration, and seeks to foreclose loans made under the Housing Act of 1949, 42 U.S.C. § 1485.

4.     Land of Lincoln Housing of Tampico Limited Partnership, is made a defendant as the fee simple owner of the subject property and mortgagor of the mortgages being foreclosed.

5.      The Illinois Housing Development authority is made a defendant as the grantor of the Low Income Housing Tax Credit Extended Use Agreement, executed on September 1, 1998, recorded November 6, 1998 as Document No. 12150-98 in Whiteside County, Illinois.

6.     Each person interested herein, whose names are unknown to the plaintiff, are made parties to this action by the name and description of "Unknown Owners".

7.     Any person (i) who has or claims to have an interest in the mortgaged real estate, (ii) whose name or interest, at the time a notice of foreclosure is recorded in accordance with 735 ILCS 5/15-1503, is not disclosed of record either (1) by means of a recorded notice of (2) by means of a proceeding which under the law as in effect at the time the foreclosure is commenced would afford constructive notice of the existence of such interest and (iii) whose interest falls in any of the following categories:   (1) right of homestead, (2) judgment creditor, (3) beneficial interest under any trust other than the beneficial interest of a beneficiary of a trust in actual possession of all or part of the real estate or (4) mechanics' lien claim, are made a party to this action by the name and description of "Nonrecord Claimants."

## Count I – Mortgage Foreclosure

8.     Attached is Exhibit "A", which is a copy of the mortgage being foreclosed, executed November 23, 1977 (hereinafter referred to as "1977 Mortgage").

9.      Attached is Exhibit "B" which is a copy of the Promissory Note executed on November 23, 1977.

10.     Attached is Exhibit "C" which is a copy of the Multiple Family Housing Assumption Agreement dated November 27, 1985 in the amount of $35,388.08.

11.      Attached is Exhibit "D" which is a copy of the Multi Family Housing Assumption Agreement dated November 27, 1985 amount of $149,075.84.

12.     Attached is Exhibit "E" which is a copy of the Multi Family Housing assumption Agreement dated July 28, 1998.

13.      Attached is Exhibit "F" which is the Notice of Acceleration, that was served by certified mail upon the defendant and that provided the defendant with the notice of default and the government's election to declare the indebtedness due and payable.   All periods of grace or other period of time allowed for the performance of the covenants or conditions, claimed to be breached or for the curing of any breaches, have expired.

14.     Attached is Exhibit "G" which is the Limited Partnership Warranty Deed from Grantor, Equity Investors V, to the Grantee, Land of Lincoln Housing of Tampico Limited Partnership. Land of Lincoln Housing of Tampico Limited Partnership is the fee simple owner of the subject property.

15.     Information concerning mortgage:

    (A)     Nature of instrument:   Mortgage;

    (B)     Date of mortgage:   November 23, 1977;

    (C)     Names of original mortgagors:   Robert A. Wright and Margaret M. Wright, husband and wife (said mortgage was subsequently assumed by Land of Lincoln Housing of Tampico Limited Partnership);

    (D)     Name of mortgagee:   United States of America, acting through the Farmers Home Administration, United States Department of Agriculture;

    (E)     Date and place of recording:   November 23, 1977, Whiteside County Recorder's Office;

(F)     Identification of recording:   Doc. No. 8649-77;

(G)     Interest subject to the mortgage:   Fee Simple;

(H)     Amount of original indebtedness, including subsequent advances made under the mortgage:   $155,760.00;

(I)     Both the legal description of the mortgaged real estate and the common address or other information sufficient to identify it with reasonable certainty:

1.      Legal description of mortgaged premises:

Lot No. 10 in Block 1, in Glassburn's Addition to the Village of Tampico; and part of the Southwest Quarter of the Southwest Quarter of Section 14, in Township 19 North, Range 6 East of the Fourth Principal Meridian, Whiteside County, Illinois, described as follows: Commencing at the Southwest corner of said Lot No. 10 in Block 1 of Glassburn's Addition; thence East along the south line of said Lot 10 a distance of 150 feet to the Southeast corner of Said Lot 10; thence South parallel with the East line of Main Street, a distance of 100 feet; thence West parallel with the South line of said Lot 10 a distance of 150 feet to the East line of said Main Street; thence North along the East line of Main Street 100 feet to the point of beginning; Said tract also known as lot 5 in the Southwest Quarter of the Southwest Quarter of said Section 14.

PIN No. 22-14-355-009 & 22-14-355-010

With said real estate being subject to (1) 2011 and subsequent real estates taxes and special assessments, if any; (2) terms, conditions and provisions of Low Income Housing Tax Credit Extended Use Agreement dated September 1, 1998 and recorded November 6, 1998 in Document No. 12150-98; (3) easements, setbacks, zoning, building restrictions and easements for public and quasi-public utilities if any; (4) rights of the public, state of Illinois, the county, township and municipality in and to that part of the premises in questions taken, used or dedicated for roads and highways; (5) rights or claims of parties in possession including tenants now shown by public records; and (6) any encroachment, encumbrance violation, variation or adverse circumstance affecting the title that would be disclosed by an accurate and complete survey of the land; and (7) easements and claims of easements not shown by public record.

2.      Common address or location of mortgage premises:

101-103 East Kimball, Tampico, Illinois

4

(J)     Statement as to defaults and amount now due (Affidavit attached as Exhibit H):

     1.     Statement as to amount due as of February 28, 2013:

| | | | |
|---|---|---|---|
| a. | Principal sum | $ | -0- |
| b. | Accrued Interest (as of February 28, 2013) | $ | -0- |
| c. | Title charges | $ | -0- |
| d. | Unpaid Fees | $ | -0- |
| e. | Late Charges | $ | -0- |
| | **Total:** | **$** | **-0-** |

     3.     The per diem interest accruing under the mortgage after default is $0.00.

     4.     Statement of Defaults:   Under terms of the 1977 Mortgage, Land of Lincoln Housing of Tampico Limited Partnership was in default of the mortgage, by its violation of the mortgage's terms, the Loan Agreement of July 30, 1999 (attached as Exhibit "I") and applicable federal regulations, incorporated by reference into the 1977 Mortgage at paragraph 16, by:

        i.     Failure to maintain the physical condition of the housing project in a decent, safe, and sanitary manner and in accordance with Agency requirements and the 1977 Mortgage, paragraph 9;

        ii.     Failure to keep general operating expense, reserve, and other financial accounts related to the housing project at required funding levels in accordance with a Loan Agreement dated July 30, 1999 and incorporated by reference in the 1977 Mortgage, paragraph 16;

        iii.     Failure to submit management plans, leases, occupancy rules, and other required materials to the Agency in accordance with Agency requirements and a Loan Agreement dated July 30, 1999 and incorporated by reference in the 1977 Mortgage, paragraph 16;

(K)     Name of present owner real estate:

     Land of Lincoln Housing of Tampico Limited Partnership

(L)     Name or names of persons, in addition to such owners, but excluding any non-record claimants as defined in the Illinois Mortgage Foreclosure Law,

5

Chapter 735 ILCS Section 5/15-1210, who are joined as defendants and whose interest in or lien on the mortgaged real estate is sought to be terminated:

Illinois Housing Development Authority by virtue of Low Income Housing Tax Credit Extended Use Agreement executed on September 1, 1998 and recorded on November 6, 1998 as Document No. 12150-98 in the Whiteside County Recorder's Office. *See* Low Income Housing Tax Credit Extended Use Agreement attached as Exhibit "J". Plaintiff's mortgage was subordinated to the Low Income Housing Tax Credit Extended Use Agreement pursuant to a Subordination Agreement executed on March 10, 2000, recorded on March 31, 2000 as Document No. 2717-2000 in the Whiteside County Recorder's Office. *See* Subordination Agreement attached as Exhibit "K".

Pursuant to page 9, ¶ 3 of the Subordination Agreement, in the event of a foreclosure the Low Income Housing Tax Credit Extended Use Agreement shall cease to apply in the event of a foreclosure. *See* Exhibit "J".

Plaintiff's mortgage constitutes a valid lien upon the indicated interest in the mortgaged real estate, which lien is prior and superior to the right, title and interest, claim or lien of all parties and non-record claimants whose interests in the mortgaged real estate are sought to be terminated.

(M)     Names of defendants claimed to be personally liable for deficiency, if any;

None

(N)     Capacity in which plaintiff brings this foreclosure:   As the owner and legal holder of said note, mortgage and indebtedness.

(O)     Pursuant to 735 ILCS 5/15-1603(b)(3), the redemption period should be shortened to sixty (60) days after the date the judgment of foreclosure is entered as the value of the mortgaged real estate as of the date of the judgment is less than 90 % of the amount specified pursuant to subsection (d) of Section 15-1603 and the mortgagee is not requesting a personal judgment for a deficiency against the mortgagor or any other person potentially liable for the debt.

(P)      Nondiscrimination provisions:

In accordance with 7 CFR 1955.15(f)(1) and the terms of the mortgage, the Notice of Sale and the Judicial Sale's Deed must include the following language:   "The property described herein was purchased or improved with Federal financial assistance and is subject to the nondiscrimination provision

6

of Title VI of the Civil Rights Act of 1964, Section 504 of the Rehabilitation Act of 1973 and other similarly worded Federal statutes and regulations issued pursuant thereto that prohibit discrimination on the basis of race, color, national origin, handicap, religion, age or sex in programs or activities receiving Federal financial assistance for as long as the property continues to be used for the same or similar purposes for which the Federal assistance was intended or for so long as the purchaser owns it, whichever is later."

(Q)      Restrictive use provisions:

In accordance with 7 CFR 1955.15(f)(2) and the terms of the mortgage, the Notice of Sale and the Judicial Sale's Deed must include the following language:   "The purchaser and any successors in interest agree to use the housing for the purpose of housing people eligible for occupancy as provided in Section 514 or Section 515 of Title V of the Housing Act of 1949, as amended, and FmHA regulations then extant during this 20 year period beginning July 28, 1998.   Until July 28, 2018, no eligible person occupying the housing shall be required to vacate, or any eligible person wishing to occupy shall be denied occupancy without cause.   The purchaser will be released from these obligations before that date only when the Government determines that there is no longer a need for such housing, or that such other financial assistance provided the residents of such housing will no longer be provided due to no fault action or lack of action on the part of the purchaser.   A tenant or individual wishing to occupy the housing may seek enforcement of this provision, as well as the Government."

(R)      Facts in support of request for costs and expenses, if applicable:

The mortgage (paragraph 11) authorizes the government to recover expenses reasonably necessary or incidental to the protection of the mortgage, including but not limited to title charges, court costs and selling expenses which should be added to the mortgage balance.

(S)      Facts in support of a request for appointment of mortgagee in possession or for appointment of a receiver and the identity of such receiver, if sought:

1.  The mortgage authorizes the government taking possession and the appointment of a receiver; and

2.  Land of Lincoln Housing of Tampico Limited Partnership, was in default of the mortgage, by its violation of the 1977 Mortgage's terms, the Loan Agreement of July 30, 1999, and federal regulations, incorporated by reference into the 1977 Mortgage at   ¶2 and ¶21, by:

7

i.     Failure to maintain the physical condition of the housing project in a decent, safe, and sanitary manner and in accordance with Agency requirements and the 1977 Mortgage, paragraph 9;

ii.    Failure to keep general operating expense, reserve, and other financial accounts related to the housing project at required funding levels in accordance with a Loan Agreement dated July 30, 1999 and incorporated by reference in the 1977 Mortgage, paragraph 16;

iii.   Failure to submit management plans, leases, occupancy rules, and other required materials to the Agency in accordance with Agency requirements and a Loan Agreement dated July 30, 1999 and incorporated by reference in the 1977 Mortgage, paragraph 16.

3.    The plaintiff, for the reasons recited in its Motion to Place the United States in Possession of Property filed simultaneously herewith and substantively incorporated herein verbatim, seeks to be placed immediately in possession of the real estate and improvements being foreclosed herein pursuant to 735 ILCS§§ 5/15-1701 - 1703 and 1706 without the necessity of bond.

(T)    Plaintiff does not offer to mortgagor in accordance with Section 15-1402 to accept title to the real estate in satisfaction of all indebtedness and obligations secured by the mortgage without judicial sale.

## **REQUEST FOR RELIEF**

Plaintiff requests:

1.    A judgment to foreclose such mortgage, ordering:

a.    That an accounting may be taken under the direction of the court of the amounts due and owing to the plaintiff;

b.    That the defendants be ordered to pay to the plaintiff before expiration of any redemption period (or if no redemption period, before a date fixed by the court) whatever sums may appear to be due upon the taking of such account, together with fees and costs of the proceedings (to the extend provided in the mortgage or by law);

c.    That in default of such payment in accordance with the judgment, the mortgaged real estate be sold as directed by the court, to satisfy the amount due to the plaintiff as set forth in the judgment, together with the interest thereon at the statutory judgment rate from the date of judgment;

8

d.    That in the event the plaintiff is a purchaser of the mortgaged real estate at such sale, the plaintiff may offset against the purchase prince of such real estate the amounts due under the judgment of foreclosure and order confirming the sale;

e.    That in the event of such sale and the failure of the person entitled thereto to redeem prior to such sale pursuant to this Article, the defendants made parties to the foreclosure in accordance with this Article, and all non-record claimants given notice of the foreclosure in accordance with this Article and all persons claiming by, through or under them, and each and any and all of them, may be forever barred and foreclosed of any right, title, interest, claim, lien or right to redeem in and to the mortgaged real estate;

f.    That if no redemption is made prior to such sale, a deed may be issued to the purchase thereat according to law and such purchaser be let into possession of the mortgaged real estate in accordance with 735 ILCS, Section 5/15 - 1701, et. seq.;

g.    An order granting a shortened redemption period, if authorized by law;

h.    An order granting possession;

I.    An order placing the mortgagee in possession or appointing a receiver;

j.    A judgment for fees, costs and expenses;

k.    Enforcement of its assignment of rents derived from said real estate; and

l.    Such other relief as equity may require, including, but not limited to, declaratory and injunctive relief.

2.    Plaintiff also requests that the judgment for foreclosure or other orders entered herein provide for the following (pursuant to 735 ILCS, Section 5/15-1506(f));

a.    Judicial sale conducted by the Judicial Sales Corporation, at which the plaintiff is entitled to bid;

b.    Title in the real estate may be subject, at the sale to exceptions including general real estate taxes for the current year and for the preceding year, which have not become due and payable as of the date of entry of the judgment of foreclosure, any special assessments upon the real estate, and easements and restriction of record;

c.    In the event a party to the foreclosure is a successful bidder at the sale, such party shall be allowed to offset against the purchase price to be paid for such real estate amounts due such party under the judgment of foreclosure or order confirming the sale.

9

## **Count II – Mortgage Foreclosure**

16.     Plaintiff re-alleges and re-states paragraphs 1 through 15 of this Complaint as though set forth herein.

17.     Attached is Exhibit "L", which is a copy of the mortgage being foreclosed, executed July 25, 1978 (hereinafter referred to as "1978 Mortgage").

18.     Attached is Exhibit "M" which is a copy of the original Promissory Note dated July 25, 1978.

19.     Attached is Exhibit "E" which is a copy of the Multi Family Housing Assumption Agreement secured by the mortgage.

20.      Attached is Exhibit "F" which is the Notice of Acceleration, that was served by certified mail upon the defendant and that provided the defendant with the notice of default and the government's election to declare the indebtedness due and payable.   All periods of grace or other period of time allowed for the performance of the covenants or conditions, claimed to be breached or for the curing of any breaches, have expired.

21.     Attached is Exhibit "G" which is the Limited Partnership Warranty Deed from Grantor, Equity Investors V, to the Grantee, Land of Lincoln Housing of Tampico Limited Partnership. Land of Lincoln Housing of Tampico Limited Partnership is the fee simple owner of the subject property.

22.     Information concerning mortgage:

    (A)     Nature of instrument:   Mortgage;

    (B)     Date of mortgage:   July 25, 1978;

    (C)     Names of original mortgagors:   Robert A. Wright and Margaret M. Wright (said mortgage was subsequently assumed by Land of Lincoln Housing of Tampico Limited Partnership);

10

(D)     Name of mortgagee:   United States of America, acting through the Farmers Home Administration, United States Department of Agriculture;

(E)     Date and place of recording:   July 25, 1978, Whiteside County Recorder's Office;

(F)     Identification of recording:   Doc. No. 4876-78;

(G)     Interest subject to the mortgage:   Fee Simple;

(H)     Amount of original indebtedness, including subsequent advances made under the mortgage:   $7,600.00;

(I)     Both the legal description of the mortgaged real estate and the common address or other information sufficient to identify it with reasonable certainty:

1.     Legal description of mortgaged premises:

Lot No. 10 in Block 1, in Glassburn's Addition to the Village of Tampico; and part of the Southwest Quarter of the Southwest Quarter of Section 14, in Township 19 North, Range 6 East of the Fourth Principal Meridian, Whiteside County, Illinois, described as follows: Commencing at the Southwest corner of said Lot No. 10 in Block 1 of Glassburn's Addition; thence East along the south line of said Lot 10 a distance of 150 feet to the Southeast corner of Said Lot 10; thence South parallel with the East line of Main Street, a distance of 100 feet; thence West parallel with the South line of said Lot 10 a distance of 150 feet to the East line of said Main Street; thence North along the East line of Main Street 100 feet to the point of beginning; Said tract also known as lot 5 in the Southwest Quarter of the Southwest Quarter of said Section 14.

PIN No. 22-14-355-009 & 22-14-355-010

With said real estate being subject to (1) 2011 and subsequent real estates taxes and special assessments, if any; (2) terms, conditions and provisions of Low Income Housing Tax Credit Extended Use Agreement dated September 1, 1998 and recorded November 6, 1998 in Document No. 12150-98; (3) easements, setbacks, zoning, building restrictions and easements for public and quasi-public utilities if any; (4) rights of the public, state of Illinois, the county, township and municipality in and to that part of the premises in questions taken, used or dedicated for roads and highways; (5) rights or claims of parties in possession including tenants now shown by public records; and (6) any encroachment, encumbrance violation, variation or adverse circumstance affecting the title that would be disclosed by an accurate and complete survey of the land; and (7) easements and claims of easements not shown by public record.

2.     Common address or location of mortgage premises:

101-103 East Kimball, Tampico, Illinois

11

(J)   Statement as to defaults and amount now due (See attached Declaration of Barry L. Ramsey as Exhibit "H"):

    1.    Statement as to amount due as of February 28, 2013:

| | | |
|---|---|---|
| a. Principal sum | $ | -0- |
| b. Accrued Interest (as of February 28, 2013) | $ | -0- |
| c. Title charges | $ | -0- |
| d. Unpaid Fees | $ | -0- |
| e. Late Charges | $ | -0- |
| **Total:** | **$** | **-0-** |

    3.    The per diem interest accruing under the mortgage after default is $0.00.

    4.    Statement of Defaults:   Under terms of the 1978 Mortgage, Land of Lincoln Housing of Tampico Limited Partnership was in default of the mortgage, by its violation of the mortgage's terms, the Loan Agreement of July 30, 1999 (attached as Exhibit "I") and applicable federal regulations, incorporated by reference into the 1978 Mortgage at paragraph 16, by:

        i.    Failure to maintain the physical condition of the housing project in a decent, safe, and sanitary manner and in accordance with Agency requirements and the 1978 Mortgage, paragraph 9;

        ii.    Failure to keep general operating expense, reserve, and other financial accounts related to the housing project at required funding levels in accordance with a Loan Agreement dated July 30, 1999 and incorporated by reference in the 1978 Mortgage, paragraph 16;

        iii.    Failure to submit management plans, leases, occupancy rules, and other required materials to the Agency in accordance with Agency requirements and a Loan Agreement dated July 30, 1999 and incorporated by reference in the 1978 Mortgage, paragraph 16;

(K)   Name of present owner of real estate:

    Land of Lincoln Housing of Tampico Limited Partnership

(L)     Name or names of persons, in addition to such owners, but excluding any non-record claimants as defined in the Illinois Mortgage Foreclosure Law, Chapter 735 ILCS Section 5/15-1210, who are joined as defendants and whose interest in or lien on the mortgaged real estate is sought to be terminated:

Illinois Housing Development Authority by virtue of Low Income Housing Tax Credit Extended Use Agreement executed on September 1, 1998 and recorded on November 6, 1998 as Document No. 12150-98 in the Whiteside County Recorder's Office. *See* Low Income Housing Tax Credit Extended Use Agreement attached as Exhibit "J". Plaintiff's mortgage was subordinated to the Low Income Housing Tax Credit Extended Use Agreement pursuant to a Subordination Agreement executed on March 10, 2000, recorded on March 31, 2000 as Document No. 2717-2000 in the Whiteside County Recorder's Office. *See* Subordination Agreement attached as Exhibit "K".

Pursuant to page 9, ¶ 3 of the Subordination Agreement, in the event of a foreclosure the Low Income Housing Tax Credit Extended Use Agreement shall cease to apply in the event of a foreclosure. *See* Exhibit "J".

Plaintiff's mortgage constitutes a valid lien upon the indicated interest in the mortgaged real estate, which lien is prior to the right, title and interest, claim or lien of all parties and non-record claimants whose interests in the mortgaged real estate are sought to be terminated.

(M)     Names of defendants claimed to be personally liable for deficiency, if any;

None

(N)     Capacity in which plaintiff brings this foreclosure:   As the owner and legal holder of said note, mortgage and indebtedness.

(O)     Pursuant to 735 ILCS 5/15-1603(b)(3), the redemption period should be shortened to sixty (60) days after the date the judgment of foreclosure is entered as the value of the mortgaged real estate as of the date of the judgment is less than 90 % of the amount specified pursuant to subsection (d) of Section 15-1603 and the mortgagee is not requesting a personal judgment for a deficiency against the mortgagor or any other person potentially liable for the debt.

(P)      Nondiscrimination provisions:

In accordance with 7 CFR 1955.15(f)(1) and the terms of the mortgage, the Notice of Sale and the Judicial Sale's Deed must include the following

13

language:  "The property described herein was purchased or improved with Federal financial assistance and is subject to the nondiscrimination provision of Title VI of the Civil Rights Act of 1964, Section 504 of the Rehabilitation Act of 1973 and other similarly worded Federal statutes and regulations issued pursuant thereto that prohibit discrimination on the basis of race, color, national origin, handicap, religion, age or sex in programs or activities receiving Federal financial assistance for as long as the property continues to be used for the same or similar purposes for which the Federal assistance was intended or for so long as the purchaser owns it, whichever is later."

(Q)     Restrictive use provisions:
In accordance with 7CFR 1955.15(f)(2) and the terms of the mortgage, the Notice of Sale and the Judicial Sale's Deed must include the following language:  "The purchaser and any successors in interest agree to use the housing for the purpose of housing people eligible for occupancy as provided in Section 514 or Section 515 of Title V of the Housing Act of 1949, as amended, and FmHA regulations then extant during this 20 year period beginning July 28, 1998.   Until July 28, 2018, no eligible person occupying the housing shall be required to vacate, or any eligible person wishing to occupy shall be denied occupancy without cause.   The purchaser will be released from these obligations before that date only when the Government determines that there is no longer a need for such housing, or that such other financial assistance provided the residents of such housing will no longer be provided due to no fault action or lack of action on the part of the purchaser.   A tenant or individual wishing to occupy the housing may seek enforcement of this provision, as well as the Government."

(R)     Facts in support of request for costs and expenses, if applicable:

The mortgage (paragraph 11) authorizes the government to recover expenses reasonably necessary or incidental to the protection of the mortgage, including but not limited to title charges, court costs and selling expenses which should be added to the mortgage balance.

(S)     Facts in support of a request for appointment of mortgagee in possession or for appointment of a receiver and the identity of such receiver, if sought:

1.      The mortgage authorizes the government taking possession and the appointment of a receiver; and

2.      Land of Lincoln Housing of Tampico Limited Partnership, was in default of the mortgage, by its violation of the 1978 Mortgage's terms, the Loan Agreement of July 30, 1999, and federal regulations, incorporated by reference into the 1978 Mortgage at ¶2 and ¶21, by:

14

        i.      Failure to maintain the physical condition of the housing project in a decent, safe, and sanitary manner and in accordance with Agency requirements and the 1978 Mortgage, paragraph 9;

        ii.     Failure to keep general operating expense, reserve, and other financial accounts related to the housing project at required funding levels in accordance with a Loan Agreement dated July 30, 1999 and incorporated by reference in the 1978 Mortgage, paragraph 16;

        iii.    Failure to submit management plans, leases, occupancy rules, and other required materials to the Agency in accordance with Agency requirements and a Loan Agreement dated July 30, 1999 and incorporated by reference in the 1978 Mortgage, paragraph 16.

        3.     The plaintiff for the reasons recited in its Motion to Place the United States in Possession of Property filed simultaneously herewith and substantively incorporated herein verbatim seeks to be placed immediately in possession of the real estate and improvements being foreclosed herein pursuant to 735 ILCS§§ 5/15-1701 - 1703 and 1706 without the necessity of bond.

(T)    Plaintiff does not offer to mortgagor in accordance with Section 15-1402 to accept title to the real estate in satisfaction of all indebtedness and obligations secured by the mortgage without judicial sale.

## **REQUEST FOR RELIEF**

Plaintiff requests:

1.     A judgment to foreclose such mortgage, ordering:

     a.    That an accounting may be taken under the direction of the court of the amounts due and owing to the plaintiff;

     b.    That the defendants be ordered to pay to the plaintiff before expiration of any redemption period (or if no redemption period, before a date fixed by the court) whatever sums may appear to be due upon the taking of such account, together with fees and costs of the proceedings (to the extend provided in the mortgage or by law);

     c.    That in default of such payment in accordance with the judgment, the mortgaged real estate be sold as directed by the court, to satisfy the amount due to the plaintiff as set forth in the judgment, together with the interest thereon at the statutory judgment rate from the date of judgment;

    d.        That in the event the plaintiff is a purchaser of the mortgaged real estate at such sale, the plaintiff may offset against the purchase prince of such real estate the amounts due under the judgment of foreclosure and order confirming the sale;

    e.        That in the event of such sale and the failure of the person entitled thereto to redeem prior to such sale pursuant to this Article, the defendants made parties to the foreclosure in accordance with this Article, and all non-record claimants given notice of the foreclosure in accordance with this Article and all persons claiming by, through or under them, and each and any and all of them, may be forever barred and foreclosed of any right, title, interest, claim, lien or right to redeem in and to the mortgaged real estate;

    f.        That if no redemption is made prior to such sale, a deed may be issued to the purchase thereat according to law and such purchaser be let into possession of the mortgaged real estate in accordance with 735 ILCS, Section 5/15 - 1701, et. seq.;

    g.        An order granting a shortened redemption period, if authorized by law;

    h.        An order granting possession;

    I.        An order placing the mortgagee in possession or appointing a receiver;

    j.        A judgment for fees, costs and expenses;

    k.        Enforcement of its assignment of rents derived from said real estate; and

    l.        Such other relief as equity may require, including, but not limited to, declaratory and injunctive relief.

2.     Plaintiff also requests that the judgment for foreclosure or other orders entered herein provide for the following (pursuant to 735 ILCS, Section 5/15-1506(f));

    a.        Judicial sale conducted by the Judicial Sales Corporation, at which the plaintiff is entitled to bid;

    b.        Title in the real estate may be subject, at the sale to exceptions including general real estate taxes for the current year and for the preceding year, which have not become due and payable as of the date of entry of the judgment of foreclosure, any special assessments upon the real estate, and easements and restriction of record;

    c.        In the event a party to the foreclosure is a successful bidder at the sale, such party shall be allowed to offset against the purchase price to be paid for such real estate

amounts due such party under the judgment of foreclosure or order confirming the sale.

**Count III – Mortgage Foreclosure**

23.     Plaintiff re-alleges and re-states paragraphs 1 through 22 of this Complaint as though set forth herein.

24.     Attached is Exhibit "N", which is a copy of the mortgage being foreclosed, executed December 7, 1983 (hereinafter referred to as "1983 Mortgage").

25.     Attached is Exhibit "O" which is a copy of the original Promissory Note dated December 7, 1983.

26.     Attached is Exhibit "E" which is a copy of the Multi Family Housing Assumption Agreement secured by the mortgage.

27.     Attached is Exhibit "F" which is the Notice of Acceleration, that was served by certified mail upon the defendant and that provided the defendant with the notice of default and the government's election to declare the indebtedness due and payable.   All periods of grace or other period of time allowed for the performance of the covenants or conditions, claimed to be breached or for the curing of any breaches, have expired.

28.     Attached is Exhibit "G" which is the Limited Partnership Warranty Deed from Grantor, Equity Investors V, to the Grantee, Land of Lincoln Housing of Tampico Limited Partnership. Land of Lincoln Housing of Tampico Limited Partnership is the fee simple owner of the subject property.

29.     Information concerning mortgage:

     (A)     Nature of instrument:   Mortgage;

     (B)     Date of mortgage:   December 7, 1983;

17

(C)     Names of original mortgagors:   Streator National Bank, as Trustee under Trust No. 1053 (said mortgage was subsequently assumed by Land of Lincoln Housing of Tampico Limited Partnership);

(D)     Name of mortgagee:   United States of America, acting through the Farmers Home Administration, United States Department of Agriculture;

(E)     Date and place of recording:   December 12, 1983, Whiteside County Recorder's Office;

(F)     Identification of recording:   Doc. No. 6470-83;

(G)     Interest subject to the mortgage:   Fee Simple;

(H)     Amount of original indebtedness, including subsequent advances made under the mortgage:   $35,290.00;

(I)     Both the legal description of the mortgaged real estate and the common address or other information sufficient to identify it with reasonable certainty:

   1.     Legal description of mortgaged premises:

Lot No. 10 in Block 1, in Glassburn's Addition to the Village of Tampico; and part of the Southwest Quarter of the Southwest Quarter of Section 14, in Township 19 North, Range 6 East of the Fourth Principal Meridian, Whiteside County, Illinois, described as follows: Commencing at the Southwest corner of said Lot No. 10 in Block 1 of Glassburn's Addition; thence East along the south line of said Lot 10 a distance of 150 feet to the Southeast corner of Said Lot 10; thence South parallel with the East line of Main Street, a distance of 100 feet; thence West parallel with the South line of said Lot 10 a distance of 150 feet to the East line of said Main Street; thence North along the East line of Main Street 100 feet to the point of beginning; Said tract also known as lot 5 in the Southwest Quarter of the Southwest Quarter of said Section 14.

PIN No. 22-14-355-009 & 22-14-355-010

With said real estate being subject to (1) 2011 and subsequent real estates taxes and special assessments, if any; (2) terms, conditions and provisions of Low Income Housing Tax Credit Extended Use Agreement dated September 1, 1998 and recorded November 6, 1998 in Document No. 12150-98; (3) easements, setbacks, zoning, building restrictions and easements for public and quasi-public utilities if any; (4) rights of the public, state of Illinois, the county, township and municipality in and to that part of the premises in questions taken, used or dedicated for roads and highways; (5) rights or claims of parties in possession including tenants now shown by public records; and (6) any encroachment, encumbrance violation,

18

variation or adverse circumstance affecting the title that would be disclosed by an accurate and complete survey of the land; and (7) easements and claims of easements not shown by public record.

2.      Common address or location of mortgage premises:

101-103 East Kimball, Tampico, Illinois

(J)      Statement as to defaults and amount now due (See attached Declaration of Barry L. Ramsey as Exhibit "H"):

1.      Statement as to amount due as of February 28, 2013:

| | | |
|---|---|---|
| a. Principal sum | $ | -0- |
| b. Accrued Interest (as of February 28, 2013) | $ | -0- |
| c. Title charges | $ | -0- |
| d. Unpaid Fees | $ | -0- |
| e. Late Charges | $ | -0- |
| **Total:** | **$** | **-0-** |

3.      The per diem interest accruing under the mortgage after default is $0.00.

4.      Statement of Defaults:   Under terms of the 1983 Mortgage, Land of Lincoln Housing of Tampico Limited Partnership was in default of the mortgage, by its violation of the mortgage's terms, the Loan Agreement of July 30, 1999 (attached as Exhibit "I") and applicable federal regulations, incorporated by reference into the 1983 Mortgage at paragraph 16, by:

i.      Failure to maintain the physical condition of the housing project in a decent, safe, and sanitary manner and in accordance with Agency requirements and the 1983 Mortgage, paragraph 9;

ii.      Failure to keep general operating expense, reserve, and other financial accounts related to the housing project at required funding levels in accordance with a Loan Agreement dated July 30, 1999 and incorporated by reference in the 1983 Mortgage, paragraph 16;

iii.      Failure to submit management plans, leases, occupancy rules, and other required materials to the Agency in accordance with Agency

19

requirements and a Loan Agreement dated July 30, 1999 and incorporated by reference in the 1983Mortgage, paragraph 16;

(K)    Name of present owner of real estate:

Land of Lincoln Housing of Tampico Limited Partnership

(L)    Name or names of persons, in addition to such owners, but excluding any non-record claimants as defined in the Illinois Mortgage Foreclosure Law, Chapter 735 ILCS Section 5/15-1210, who are joined as defendants and whose interest in or lien on the mortgaged real estate is sought to be terminated:

Illinois Housing Development Authority by virtue of Low Income Housing Tax Credit Extended Use Agreement executed on September 1, 1998 and recorded on November 6, 1998 as Document No. 12150-98 in the Whiteside County Recorder's Office. *See* Low Income Housing Tax Credit Extended Use Agreement attached as Exhibit "J". Plaintiff's mortgage was subordinated to the Low Income Housing Tax Credit Extended Use Agreement pursuant to a Subordination Agreement executed on March 10, 2000, recorded on March 31, 2000 as Document No. 2717-2000 in the Whiteside County Recorder's Office. *See* Subordination Agreement attached as Exhibit "K".

Pursuant to page 9, ¶ 3 of the Subordination Agreement, in the event of a foreclosure the Low Income Housing Tax Credit Extended Use Agreement shall cease to apply in the event of a foreclosure. *See* Exhibit "J".

Plaintiff's mortgage constitutes a valid lien upon the indicated interest in the mortgaged real estate, which lien is prior to the right, title and interest, claim or lien of all parties and non-record claimants whose interests in the mortgaged real estate are sought to be terminated.

(M)    Names of defendants claimed to be personally liable for deficiency, if any;

None

(N)    Capacity in which plaintiff brings this foreclosure: As the owner and legal holder of said note, mortgage and indebtedness.

(O)    Pursuant to 735 ILCS 5/15-1603(b)(3), the redemption period should be shortened to sixty (60) days after the date the judgment of foreclosure is entered as the value of the mortgaged real estate as of the date of the judgment is less than 90 % of the amount specified pursuant to subsection (d) of Section 15-1603 and the mortgagee is not requesting a personal

judgment for a deficiency against the mortgagor or any other person potentially liable for the debt.

(P)     Nondiscrimination provisions:

In accordance with 7 CFR 1955.15(f)(1) and the terms of the mortgage, the Notice of Sale and the Judicial Sale's Deed must include the following language:   "The property described herein was purchased or improved with Federal financial assistance and is subject to the nondiscrimination provision of Title VI of the Civil Rights Act of 1964, Section 504 of the Rehabilitation Act of 1973 and other similarly worded Federal statutes and regulations issued pursuant thereto that prohibit discrimination on the basis of race, color, national origin, handicap, religion, age or sex in programs or activities receiving Federal financial assistance for as long as the property continues to be used for the same or similar purposes for which the Federal assistance was intended or for so long as the purchaser owns it, whichever is later."

(Q)     Restrictive use provisions:
In accordance with 7CFR 1955.15(f)(2) and the terms of the mortgage, the Notice of Sale and the Judicial Sale's Deed must include the following language:   "The purchaser and any successors in interest agree to use the housing for the purpose of housing people eligible for occupancy as provided in Section 514 or Section 515 of Title V of the Housing Act of 1949, as amended, and FmHA regulations then extant during this 20 year period beginning July 28, 1998.   Until July 28, 2018, no eligible person occupying the housing shall be required to vacate, or any eligible person wishing to occupy shall be denied occupancy without cause.   The purchaser will be released from these obligations before that date only when the Government determines that there is no longer a need for such housing, or that such other financial assistance provided the residents of such housing will no longer be provided due to no fault action or lack of action on the part of the purchaser.   A tenant or individual wishing to occupy the housing may seek enforcement of this provision, as well as the Government."

(R)     Facts in support of request for costs and expenses, if applicable:

The mortgage (paragraph 11) authorizes the government to recover expenses reasonably necessary or incidental to the protection of the mortgage, including but not limited to title charges, court costs and selling expenses which should be added to the mortgage balance.

(S)     Facts in support of a request for appointment of mortgagee in possession or for appointment of a receiver and the identity of such receiver, if sought:

21

1.      The mortgage authorizes the government taking possession and the appointment of a receiver; and

2.      Land of Lincoln Housing of Tampico Limited Partnership, was in default of the mortgage, by its violation of the 1983 Mortgage's terms, the Loan Agreement of July 30, 1999, and federal regulations, incorporated by reference into the 1983 Mortgage at ¶2 and ¶21, by:

i.      Failure to maintain the physical condition of the housing project in a decent, safe, and sanitary manner and in accordance with Agency requirements and the 1983 Mortgage, paragraph 9;

ii.     Failure to keep general operating expense, reserve, and other financial accounts related to the housing project at required funding levels in accordance with a Loan Agreement dated July 30, 1999 and incorporated by reference in the 1983 Mortgage, paragraph 16;

iii.    Failure to submit management plans, leases, occupancy rules, and other required materials to the Agency in accordance with Agency requirements and a Loan Agreement dated July 30, 1999 and incorporated by reference in the 1983 Mortgage, paragraph 16.

3.      The plaintiff for the reasons recited in its Motion to Place the United States in Possession of Property filed simultaneously herewith and substantively incorporated herein verbatim seeks to be placed immediately in possession of the real estate and improvements being foreclosed herein pursuant to 735 ILCS§§ 5/15-1701 - 1703 and 1706 without the necessity of bond.

(T)     Plaintiff does not offer to mortgagor in accordance with Section 15-1402 to accept title to the real estate in satisfaction of all indebtedness and obligations secured by the mortgage without judicial sale.

## **REQUEST FOR RELIEF**

Plaintiff requests:

1.      A judgment to foreclose such mortgage, ordering:

a.      That an accounting may be taken under the direction of the court of the amounts due and owing to the plaintiff;

22

b.    That the defendants be ordered to pay to the plaintiff before expiration of any redemption period (or if no redemption period, before a date fixed by the court) whatever sums may appear to be due upon the taking of such account, together with fees and costs of the proceedings (to the extend provided in the mortgage or by law);

c.    That in default of such payment in accordance with the judgment, the mortgaged real estate be sold as directed by the court, to satisfy the amount due to the plaintiff as set forth in the judgment, together with the interest thereon at the statutory judgment rate from the date of judgment;

d.    That in the event the plaintiff is a purchaser of the mortgaged real estate at such sale, the plaintiff may offset against the purchase prince of such real estate the amounts due under the judgment of foreclosure and order confirming the sale;

e.    That in the event of such sale and the failure of the person entitled thereto to redeem prior to such sale pursuant to this Article, the defendants made parties to the foreclosure in accordance with this Article, and all non-record claimants given notice of the foreclosure in accordance with this Article and all persons claiming by, through or under them, and each and any and all of them, may be forever barred and foreclosed of any right, title, interest, claim, lien or right to redeem in and to the mortgaged real estate;

f.    That if no redemption is made prior to such sale, a deed may be issued to the purchase thereat according to law and such purchaser be let into possession of the mortgaged real estate in accordance with 735 ILCS, Section 5/15 - 1701, et. seq.;

g.    An order granting a shortened redemption period, if authorized by law;

h.    An order granting possession;

I.    An order placing the mortgagee in possession or appointing a receiver;

j.    A judgment for fees, costs and expenses;

k.    Enforcement of its assignment of rents derived from said real estate; and

l.    Such other relief as equity may require, including, but not limited to, declaratory and injunctive relief.

2.    Plaintiff also requests that the judgment for foreclosure or other orders entered herein

provide for the following (pursuant to 735 ILCS, Section 5/15-1506(f));

a.   Judicial sale conducted by the Judicial Sales Corporation, at which the plaintiff is entitled to bid;

b.   Title in the real estate may be subject, at the sale to exceptions including general real estate taxes for the current year and for the preceding year, which have not become due and payable as of the date of entry of the judgment of foreclosure, any special assessments upon the real estate, and easements and restriction of record;

c.   In the event a party to the foreclosure is a successful bidder at the sale, such party shall be allowed to offset against the purchase price to be paid for such real estate amounts due such party under the judgment of foreclosure or order confirming the sale.

## <u>Count IV – Mortgage Foreclosure</u>

30.   Plaintiff re-alleges and re-states paragraphs 1 through 29 of this Complaint as though set forth herein.

31.   Attached is Exhibit "P", which is a copy of the mortgage being foreclosed, executed July 28, 1998 (hereinafter referred to as "1998 Mortgage").

32.   Attached is Exhibit "E" which is a copy of the Multi Family Housing Assumption Agreement secured by the mortgage.

33.   Attached is Exhibit "F" which is the Notice of Acceleration, that was served by certified mail upon the defendant and that provided the defendant with the notice of default and the government's election to declare the indebtedness due and payable.   All periods of grace or other period of time allowed for the performance of the covenants or conditions, claimed to be breached or for the curing of any breaches, have expired.

34.   Attached is Exhibit "G" which is the Limited Partnership Warranty Deed from Grantor, Equity Investors V, to the Grantee, Land of Lincoln Housing of Tampico Limited Partnership. Land of Lincoln Housing of Tampico Limited Partnership is the fee simple owner of the subject property.

24

35.     Information concerning mortgage:

(A)     Nature of instrument:   Mortgage;

(B)     Date of mortgage:   July 28, 1998;

(C)     Names of mortgagors:   Land of Lincoln Housing of Tampico Limited Partnership, a Wisconsin Limited Partnership;

(D)     Name of mortgagee:   United States of America, United States Department of Agriculture;

(E)     Date and place of recording:   originally recorded July 28, 1998 as Document No. 8079-98 and re-recorded on May 27, 1999 as Document No. 5606-99, Whiteside County Recorder's Office;

(F)     Identification of recording:   Doc. No. 5606-99;

(G)     Interest subject to the mortgage:   Fee Simple;

(H)     Amount of original indebtedness, including subsequent advances made under the mortgage:   $70,000.00;

(I)     Both the legal description of the mortgaged real estate and the common address or other information sufficient to identify it with reasonable certainty:

1.     Legal description of mortgaged premises:

Lot No. 10 in Block 1, in Glassburn's Addition to the Village of Tampico; and part of the Southwest Quarter of the Southwest Quarter of Section 14, in Township 19 North, Range 6 East of the Fourth Principal Meridian, Whiteside County, Illinois, described as follows: Commencing at the Southwest corner of said Lot No. 10 in Block 1 of Glassburn's Addition; thence East along the south line of said Lot 10 a distance of 150 feet to the Southeast corner of Said Lot 10; thence South parallel with the East line of Main Street, a distance of 100 feet; thence West parallel with the South line of said Lot 10 a distance of 150 feet to the East line of said Main Street; thence North along the East line of Main Street 100 feet to the point of beginning; Said tract also known as lot 5 in the Southwest Quarter of the Southwest Quarter of said Section 14.

PIN Nos. 22-14-355-009 & 22-14-355-010 incorrectly described on the 1998 Mortgage as 22-14-335-009 & 22-14-335-010

With said real estate being subject to (1) 2011 and subsequent real estates taxes and special assessments, if any; (2) terms, conditions and provisions of Low Income

25

Housing Tax Credit Extended Use Agreement dated September 1, 1998 and recorded November 6, 1998 in Document No. 12150-98; (3) easements, setbacks, zoning, building restrictions and easements for public and quasi-public utilities if any; (4) rights of the public, state of Illinois, the county, township and municipality in and to that part of the premises in questions taken, used or dedicated for roads and highways; (5) rights or claims of parties in possession including tenants now shown by public records; and (6) any encroachment, encumbrance violation, variation or adverse circumstance affecting the title that would be disclosed by an accurate and complete survey of the land; and (7) easements and claims of easements not shown by public record.

2.      Common address or location of mortgage premises:

101-103 East Kimball, Tampico, Illinois incorrectly described on the 1998 mortgage as 102 and 104 E. Kimball Street, Tampico, Illinois

(J)     Statement as to defaults and amount now due (See attached Declaration of Barry L. Ramsey as Exhibit "H"):

1.      Statement as to amount due as of February 28, 2013:

| | | |
|---|---|---|
| a. | Principal sum | $61,990.35 |
| b. | Accrued Interest (as of February 28, 2013) | $2,172.00 |
| c. | Title charges | $    -0- |
| d. | Unpaid Fees | $    -0- |
| e. | Late Charges | $152.10 |
| | **Total:** | **$64,314.45** |

3.      The per diem interest accruing under the mortgage after default is $11.6232.

4.      Statement of Defaults:   Under terms of the 1998 Mortgage, Land of Lincoln Housing of Tampico Limited Partnership was in default of the mortgage, by its violation of the mortgage's terms, the Loan Agreement of July 30, 1999 (attached as Exhibit "I") and applicable federal regulations, incorporated by reference into the 1998 Mortgage at paragraph 16, by:

i.      Failure to maintain the physical condition of the housing project in a decent, safe, and sanitary manner and in accordance with Agency requirements and the 1998 Mortgage, paragraph 9;

26

        ii.     Failure to keep general operating expense, reserve, and other financial accounts related to the housing project at required funding levels in accordance with a Loan Agreement dated July 30, 1999 and incorporated by reference in the 1998 Mortgage, paragraph 16;

        iii.    Failure to submit management plans, leases, occupancy rules, and other required materials to the Agency in accordance with Agency requirements and a Loan Agreement dated July 30, 1999 and incorporated by reference in the 1998 Mortgage, paragraph 16;

(K)    Name of present owner of real estate:

Land of Lincoln Housing of Tampico Limited Partnership

(L)    Name or names of persons, in addition to such owners, but excluding any non-record claimants as defined in the Illinois Mortgage Foreclosure Law, Chapter 735 ILCS Section 5/15-1210, who are joined as defendants and whose interest in or lien on the mortgaged real estate is sought to be terminated:

Illinois Housing Development Authority by virtue of Low Income Housing Tax Credit Extended Use Agreement executed on September 1, 1998 and recorded on November 6, 1998 as Document No. 12150-98 in the Whiteside County Recorder's Office. *See* Low Income Housing Tax Credit Extended Use Agreement attached as Exhibit "J". Plaintiff's mortgage was subordinated to the Low Income Housing Tax Credit Extended Use Agreement pursuant to a Subordination Agreement executed on March 10, 2000, recorded on March 31, 2000 as Document No. 2717-2000 in the Whiteside County Recorder's Office. *See* Subordination Agreement attached as Exhibit "K".

Pursuant to page 9, ¶ 3 of the Subordination Agreement, in the event of a foreclosure the Low Income Housing Tax Credit Extended Use Agreement shall cease to apply in the event of a foreclosure. *See* Exhibit J.

Plaintiff's mortgage constitutes a valid lien upon the indicated interest in the mortgaged real estate, which lien is prior to the right, title and interest, claim or lien of all parties and non-record claimants whose interests in the mortgaged real estate are sought to be terminated.

(M)    Names of defendants claimed to be personally liable for deficiency, if any;

None

(N)     Capacity in which plaintiff brings this foreclosure:   As the owner and legal holder of said note, mortgage and indebtedness.

(O)     Pursuant to 735 ILCS 5/15-1603(b)(3), the redemption period should be shortened to sixty (60) days after the date the judgment of foreclosure is entered as the value of the mortgaged real estate as of the date of the judgment is less than 90 % of the amount specified pursuant to subsection (d) of Section 15-1603 and the mortgagee is not requesting a personal judgment for a deficiency against the mortgagor or any other person potentially liable for the debt.

(P)     Nondiscrimination provisions:

In accordance with 7 CFR 1955.15(f)(1) and the terms of the mortgage, the Notice of Sale and the Judicial Sale's Deed must include the following language:   "The property described herein was purchased or improved with Federal financial assistance and is subject to the nondiscrimination provision of Title VI of the Civil Rights Act of 1964, Section 504 of the Rehabilitation Act of 1973 and other similarly worded Federal statutes and regulations issued pursuant thereto that prohibit discrimination on the basis of race, color, national origin, handicap, religion, age or sex in programs or activities receiving Federal financial assistance for as long as the property continues to be used for the same or similar purposes for which the Federal assistance was intended or for so long as the purchaser owns it, whichever is later."

(Q)     Restrictive use provisions:
In accordance with 7CFR 1955.15(f)(2) and the terms of the mortgage, the Notice of Sale and the Judicial Sale's Deed must include the following language:   "The purchaser and any successors in interest agree to use the housing for the purpose of housing people eligible for occupancy as provided in Section 514 or Section 515 of Title V of the Housing Act of 1949, as amended, and FmHA regulations then extant during this 20 year period beginning July 28, 1998.   Until July 28, 2018, no eligible person occupying the housing shall be required to vacate, or any eligible person wishing to occupy shall be denied occupancy without cause.   The purchaser will be released from these obligations before that date only when the Government determines that there is no longer a need for such housing, or that such other financial assistance provided the residents of such housing will no longer be provided due to no fault action or lack of action on the part of the purchaser.   A tenant or individual wishing to occupy the housing may seek enforcement of this provision, as well as the Government."

(R)     Facts in support of request for costs and expenses, if applicable:

The mortgage (paragraph 11) authorizes the government to recover expenses reasonably necessary or incidental to the protection of the

mortgage, including but not limited to title charges, court costs and selling expenses which should be added to the mortgage balance.

(S)   Facts in support of a request for appointment of mortgagee in possession or for appointment of a receiver and the identity of such receiver, if sought:

1.   The mortgage authorizes the government taking possession and the appointment of a receiver; and

2.   Land of Lincoln Housing of Tampico Limited Partnership, was in default of the mortgage, by its violation of the 1998 Mortgage's terms, the Loan Agreement of July 30, 1999, and federal regulations, incorporated by reference into the 1998 Mortgage at ¶2 and ¶21, by:

i.   Failure to maintain the physical condition of the housing project in a decent, safe, and sanitary manner and in accordance with Agency requirements and the 1998 Mortgage, paragraph 9;

ii.   Failure to keep general operating expense, reserve, and other financial accounts related to the housing project at required funding levels in accordance with a Loan Agreement dated July 30, 1999 and incorporated by reference in the 1998 Mortgage, paragraph 16;

iii.   Failure to submit management plans, leases, occupancy rules, and other required materials to the Agency in accordance with Agency requirements and a Loan Agreement dated July 30, 1999 and incorporated by reference in the 1998 Mortgage, paragraph 16.

3.   The plaintiff for the reasons recited in its Motion to Place the United States in Possession of Property filed simultaneously herewith and substantively incorporated herein verbatim seeks to be placed immediately in possession of the real estate and improvements being foreclosed herein pursuant to 735 ILCS§§ 5/15-1701 - 1703 and 1706 without the necessity of bond.

(T)   Plaintiff does not offer to mortgagor in accordance with Section 15-1402 to accept title to the real estate in satisfaction of all indebtedness and obligations secured by the mortgage without judicial sale.

## **REQUEST FOR RELIEF**

Plaintiff requests:

1.   A judgment to foreclose such mortgage, ordering:

a.  That an accounting may be taken under the direction of the court of the amounts due and owing to the plaintiff;

b.  That the defendants be ordered to pay to the plaintiff before expiration of any redemption period (or if no redemption period, before a date fixed by the court) whatever sums may appear to be due upon the taking of such account, together with fees and costs of the proceedings (to the extend provided in the mortgage or by law);

c.  That in default of such payment in accordance with the judgment, the mortgaged real estate be sold as directed by the court, to satisfy the amount due to the plaintiff as set forth in the   judgment, together with the interest thereon at the statutory judgment rate from the date of judgment;

d.  That in the event the plaintiff is a purchaser of the mortgaged real estate at such sale, the plaintiff may offset against the purchase prince of such real estate the amounts due under the judgment of foreclosure and order confirming the sale;

e.  That in the event of such sale and the failure of the person entitled thereto to redeem prior to such sale pursuant to this Article, the defendants made parties to the foreclosure in accordance with this Article, and all non-record claimants given notice of the foreclosure in accordance with this Article and all persons claiming by, through or under them, and each and any and all of them, may be forever barred and foreclosed of any right, title, interest, claim, lien or right to redeem in and to the mortgaged real estate;

f.  That if no redemption is made prior to such sale, a deed may be issued to the purchase thereat according to law and such purchaser be let into possession of the mortgaged real estate in accordance with 735 ILCS, Section 5/15 - 1701, et. seq.;

g.  An order granting a shortened redemption period, if authorized by law;

h.  An order granting possession;

I.  An order placing the mortgagee in possession or appointing a receiver;

j.  A judgment for fees, costs and expenses;

k.  Enforcement of its assignment of rents derived from said real estate; and

l.  Such other relief as equity may require, including, but not limited to, declaratory and injunctive relief.

2.      Plaintiff also requests that the judgment for foreclosure or other orders entered herein

provide for the following (pursuant to 735 ILCS, Section 5/15-1506(f));

      a.      Judicial sale conducted by the Judicial Sales Corporation, at which the plaintiff is entitled to bid;

      b.      Title in the real estate may be subject, at the sale to exceptions including general real estate taxes for the current year and for the preceding year, which have not become due and payable as of the date of entry of the judgment of foreclosure, any special assessments upon the real estate, and easements and restriction of record;

      c.      In the event a party to the foreclosure is a successful bidder at the sale, such party shall be allowed to offset against the purchase price to be paid for such real estate amounts due such party under the judgment of foreclosure or order confirming the sale.

## Count V – Reformation of 1998 Mortgage

36.      Plaintiff realleges paragraphs 1-35 and incorporates same herein by reference.

37.      That Plaintiff and Defendant, Land of Lincoln Housing of Tampico Limited Partnership, a Wisconsin Limited Partnership, entered into a mortgage contract dated July 28, 1998 which was recorded July 28, 1998 as Document No. 8079-98 and was re-recorded on May 27, 1999 as Document No. 5606-99 affecting the property commonly known as 101 and 103 East Kimball, Tampico, Illinois. *See* Exhibit "P".

38.      That due to a scrivener's error, the mortgage contained an incorrect commonly known as address of the subject property and incorrect PINs.

39.      That the commonly known as address of the subject property and PINs description should be:

      Commonly Known As:   101 and 103 East Kimball Street, Tampico, Illinois

      PINs:   22-14-355-009 & 22-14-355-010

40.      That it was plaintiff and defendant-borrower's intent to create a valid mortgage contract containing the commonly known as address and PINs as referenced herein.

      WHEREFORE, Plaintiff prays as follows:

      a.      That this court enter an order reforming the mortgage which is the subject matter of this action to correct the commonly known as address and PINs.

b.      Such other and further relief as the Court deems just.

### **Count VI – Mortgage Foreclosure**

41.      Plaintiff re-alleges and re-states paragraphs 1 through 40 of this Complaint as though set forth herein.

42.      Attached is Exhibit "Q", which is a copy of the mortgage being foreclosed, executed July 30, 1999 (hereinafter referred to as "1999 Mortgage").

43.      Attached is Exhibit "R" which is a copy of the Promissory Note secured by the mortgage.

44.      Attached is Exhibit "F" which is the Notice of Acceleration, that was served by certified mail upon the defendant and that provided the defendant with the notice of default and the government's election to declare the indebtedness due and payable.   All periods of grace or other period of time allowed for the performance of the covenants or conditions, claimed to be breached or for the curing of any breaches, have expired.

45.      Attached is Exhibit "G" which is the Limited Partnership Warranty Deed from Grantor, Equity Investors V, to the Grantee, Land of Lincoln Housing of Tampico Limited Partnership. Land of Lincoln Housing of Tampico Limited Partnership is the fee simple owner of the subject property.

46.      Information concerning mortgage:

(A)      Nature of instrument:   Mortgage;

(B)      Date of mortgage:   July 30, 1999;

(C)      Names of mortgagors:   Land of Lincoln Housing of Tampico Limited Partnership, a Wisconsin Limited Partnership;

(D)      Name of mortgagee:   United States of America, United States Department of Agriculture;

32

(E)     Date and place of recording:   originally recorded July 30, 1999 as Document No.
8003-99 and re-recorded on November 29, 1999 as Document No. 12398-99,
Whiteside County Recorder's Office;

(F)     Identification of recording:   Doc. No. 12398-99;

(G)     Interest subject to the mortgage:   Fee Simple;

(H)     Amount of original indebtedness, including subsequent advances made under the
mortgage:   $244,246.00;

(I)     Both the legal description of the mortgaged real estate and the common address or
other information sufficient to identify it with reasonable certainty:

1.      Legal description of mortgaged premises:

Lot No. 10 in Block 1, in Glassburn's Addition to the Village of Tampico; and part
of the Southwest Quarter of the Southwest Quarter of Section 14, in Township 19
North, Range 6 East of the Fourth Principal Meridian, Whiteside County, Illinois,
described as follows: Commencing at the Southwest corner of said Lot No. 10 in
Block 1 of Glassburn's Addition; thence East along the south line of said Lot 10 a
distance of 150 feet to the Southeast corner of Said Lot 10; thence South parallel
with the East line of Main Street, a distance of 100 feet; thence West parallel with
the South line of said Lot 10 a distance of 150 feet to the East line of said Main
Street; thence North along the East line of Main Street 100 feet to the point of
beginning; Said tract also known as lot 5 in the Southwest Quarter of the Southwest
Quarter of said Section 14.

PIN Nos. 22-14-355-009 & 22-14-355-010 incorrectly described on the 1998
Mortgage as 22-14-335-009 & 22-14-335-010

With said real estate being subject to (1) 2011 and subsequent real estates taxes and
special assessments, if any; (2) terms, conditions and provisions of Low Income
Housing Tax Credit Extended Use Agreement dated September 1, 1998 and
recorded November 6, 1998 in Document No. 12150-98; (3) easements, setbacks,
zoning, building restrictions and easements for public and quasi-public utilities if
any; (4) rights of the public, state of Illinois, the county, township and municipality
in and to that part of the premises in questions taken, used or dedicated for roads
and highways; (5) rights or claims of parties in possession including tenants now
shown by public records; and (6) any encroachment, encumbrance violation,
variation or adverse circumstance affecting the title that would be disclosed by an
accurate and complete survey of the land; and (7) easements and claims of
easements not shown by public record.

2.     Common address or location of mortgage premises:

        101-103 East Kimball Street, Tampico, Illinois incorrectly described on the 1999 mortgage as 102 and 104 E. Kimball Street, Tampico, Illinois

(J)     Statement as to defaults and amount now due (See attached Declaration of Barry L. Ramsey as Exhibit "H"):

1.     Statement as to amount due as of February 28, 2013:

| | | |
|---|---|---|
| a. | Principal sum | $219,276.79 |
| b. | Accrued Interest (as of February 28, 2013) | $7,694.85 |
| c. | Title charges | $ -0- |
| d. | Unpaid Fees | $ -0- |
| e. | Late Charges | $530.76 |
| | **Total:** | **$227,502.40** |

3.     The per diem interest accruing under the mortgage after default is $41.1144.

4.     Statement of Defaults:   Under terms of the 1999 Mortgage, Land of Lincoln Housing of Tampico Limited Partnership was in default of the mortgage, by its violation of the mortgage's terms, the Loan Agreement of July 30, 1999 (attached as Exhibit "I") and applicable federal regulations, incorporated by reference into the 1999 Mortgage at paragraph 16, by:

    i.     Failure to maintain the physical condition of the housing project in a decent, safe, and sanitary manner and in accordance with Agency requirements and the 1999 Mortgage, paragraph 9;

    ii.     Failure to keep general operating expense, reserve, and other financial accounts related to the housing project at required funding levels in accordance with a Loan Agreement dated July 30, 1999 and incorporated by reference in the 1999 Mortgage, paragraph 16;

    iii.     Failure to submit management plans, leases, occupancy rules, and other required materials to the Agency in accordance with Agency requirements and a Loan Agreement dated July 30, 1999 and incorporated by reference in the 1999 Mortgage, paragraph 16;

34

(K)     Name of present owner of real estate:

        Land of Lincoln Housing of Tampico Limited Partnership

(L)     Name or names of persons, in addition to such owners, but excluding any
        non-record claimants as defined in the Illinois Mortgage Foreclosure Law,
        Chapter 735 ILCS Section 5/15-1210, who are joined as defendants and
        whose interest in or lien on the mortgaged real estate is sought to be
        terminated:

        Illinois Housing Development Authority by virtue of Low Income Housing
        Tax Credit Extended Use Agreement executed on September 1, 1998 and
        recorded on November 6, 1998 as Document No. 12150-98 in the
        Whiteside County Recorder's Office. *See* Low Income Housing Tax Credit
        Extended Use Agreement attached as Exhibit "J". Plaintiff's mortgage
        was subordinated to the Low Income Housing Tax Credit Extended Use
        Agreement pursuant to a Subordination Agreement executed on March 10,
        2000, recorded on March 31, 2000 as Document No. 2717-2000 in the
        Whiteside County Recorder's Office. *See* Subordination Agreement
        attached as Exhibit "K".

        Pursuant to page 9, ¶ 3 of the Subordination Agreement, in the event of a
        foreclosure the Low Income Housing Tax Credit Extended Use Agreement
        shall cease to apply in the event of a foreclosure. *See* Exhibit "J".

        Plaintiff's mortgage constitutes a valid lien upon the indicated interest in the
        mortgaged real estate, which lien is prior to the right, title and interest,
        claim or lien of all parties and non-record claimants whose interests in the
        mortgaged real estate are sought to be terminated.

(M)     Names of defendants claimed to be personally liable for deficiency, if any;

        None

(N)     Capacity in which plaintiff brings this foreclosure:   As the owner and legal
        holder of said note, mortgage and indebtedness.

(O)     Pursuant to 735 ILCS 5/15-1603(b)(3), the redemption period should be
        shortened to sixty (60) days after the date the judgment of foreclosure is
        entered as the value of the mortgaged real estate as of the date of the
        judgment is less than 90 % of the amount specified pursuant to subsection
        (d) of Section 15-1603 and the mortgagee is not requesting a personal
        judgment for a deficiency against the mortgagor or any other person
        potentially liable for the debt.

(P)    Nondiscrimination provisions:

In accordance with 7 CFR 1955.15(f)(1) and the terms of the mortgage, the Notice of Sale and the Judicial Sale's Deed must include the following language:   "The property described herein was purchased or improved with Federal financial assistance and is subject to the nondiscrimination provision of Title VI of the Civil Rights Act of 1964, Section 504 of the Rehabilitation Act of 1973 and other similarly worded Federal statutes and regulations issued pursuant thereto that prohibit discrimination on the basis of race, color, national origin, handicap, religion, age or sex in programs or activities receiving Federal financial assistance for as long as the property continues to be used for the same or similar purposes for which the Federal assistance was intended or for so long as the purchaser owns it, whichever is later."

(Q)    Restrictive use provisions:

In accordance with 7CFR 1955.15(f)(2) and the terms of the mortgage, the Notice of Sale and the Judicial Sale's Deed must include the following language:   "The purchaser and any successors in interest agree to use the housing for the purpose of housing people eligible for occupancy as provided in Section 514 or Section 515 of Title V of the Housing Act of 1949, as amended, and FmHA regulations then extant during this 20 year period beginning July 28, 1998.   Until July 28, 2018, no eligible person occupying the housing shall be required to vacate, or any eligible person wishing to occupy shall be denied occupancy without cause.   The purchaser will be released from these obligations before that date only when the Government determines that there is no longer a need for such housing, or that such other financial assistance provided the residents of such housing will no longer be provided due to no fault action or lack of action on the part of the purchaser.   A tenant or individual wishing to occupy the housing may seek enforcement of this provision, as well as the Government."

(R)    Facts in support of request for costs and expenses, if applicable:

The mortgage (paragraph 11) authorizes the government to recover expenses reasonably necessary or incidental to the protection of the mortgage, including but not limited to title charges, court costs and selling expenses which should be added to the mortgage balance.

(S)    Facts in support of a request for appointment of mortgagee in possession or for appointment of a receiver and the identity of such receiver, if sought:

1.    The mortgage authorizes the government taking possession and the appointment of a receiver; and

2.      Land of Lincoln Housing of Tampico Limited Partnership, was in default of the mortgage, by its violation of the 1999 Mortgage's terms, the Loan Agreement of July 30, 1999, and federal regulations, incorporated by reference into the 1999 Mortgage at ¶2 and ¶21, by:

      i.      Failure to maintain the physical condition of the housing project in a decent, safe, and sanitary manner and in accordance with Agency requirements and the 1999 Mortgage, paragraph 9;

      ii.      Failure to keep general operating expense, reserve, and other financial accounts related to the housing project at required funding levels in accordance with a Loan Agreement dated July 30, 1999 and incorporated by reference in the 1999 Mortgage, paragraph 16;

      iii.      Failure to submit management plans, leases, occupancy rules, and other required materials to the Agency in accordance with Agency requirements and a Loan Agreement dated July 30, 1999 and incorporated by reference in the 1999 Mortgage, paragraph 16.

3.      The plaintiff for the reasons recited in its Motion to Place the United States in Possession of Property filed simultaneously herewith and substantively incorporated herein verbatim seeks to be placed immediately in possession of the real estate and improvements being foreclosed herein pursuant to 735 ILCS§§ 5/15-1701 - 1703 and 1706 without the necessity of bond.

(T)      Plaintiff does not offer to mortgagor in accordance with Section 15-1402 to accept title to the real estate in satisfaction of all indebtedness and obligations secured by the mortgage without judicial sale.

## **REQUEST FOR RELIEF**

Plaintiff requests:

1.      A judgment to foreclose such mortgage, ordering:

      a.      That an accounting may be taken under the direction of the court of the amounts due and owing to the plaintiff;

      b.      That the defendants be ordered to pay to the plaintiff before expiration of any redemption period (or if no redemption period, before a date fixed by the court) whatever sums may appear to be due upon the taking of such account, together with fees and costs of the proceedings (to the extend provided in the mortgage or by law);

37

c.  That in default of such payment in accordance with the judgment, the mortgaged real estate be sold as directed by the court, to satisfy the amount due to the plaintiff as set forth in the judgment, together with the interest thereon at the statutory judgment rate from the date of judgment;

d.  That in the event the plaintiff is a purchaser of the mortgaged real estate at such sale, the plaintiff may offset against the purchase prince of such real estate the amounts due under the judgment of foreclosure and order confirming the sale;

e.  That in the event of such sale and the failure of the person entitled thereto to redeem prior to such sale pursuant to this Article, the defendants made parties to the foreclosure in accordance with this Article, and all non-record claimants given notice of the foreclosure in accordance with this Article and all persons claiming by, through or under them, and each and any and all of them, may be forever barred and foreclosed of any right, title, interest, claim, lien or right to redeem in and to the mortgaged real estate;

f.  That if no redemption is made prior to such sale, a deed may be issued to the purchase thereat according to law and such purchaser be let into possession of the mortgaged real estate in accordance with 735 ILCS, Section 5/15 - 1701, et. seq.;

g.  An order granting a shortened redemption period, if authorized by law;

h.  An order granting possession;

I.  An order placing the mortgagee in possession or appointing a receiver;

j.  A judgment for fees, costs and expenses;

k.  Enforcement of its assignment of rents derived from said real estate; and

l.  Such other relief as equity may require, including, but not limited to, declaratory and injunctive relief.

2.  Plaintiff also requests that the judgment for foreclosure or other orders entered herein provide for the following (pursuant to 735 ILCS, Section 5/15-1506(f));

a.  Judicial sale conducted by the Judicial Sales Corporation, at which the plaintiff is entitled to bid;

b.  Title in the real estate may be subject, at the sale to exceptions including general real estate taxes for the current year and for the preceding year, which have not become due and payable as of the date of entry of the judgment of foreclosure, any special assessments upon the real estate, and easements and restriction of record;

c.　　In the event a party to the foreclosure is a successful bidder at the sale, such party shall be allowed to offset against the purchase price to be paid for such real estate amounts due such party under the judgment of foreclosure or order confirming the sale.

## Count VII – Reformation of 1999 Mortgage

47.　　Plaintiff re-alleges paragraphs 1-46 and incorporates the same herein by reference.

48.　　That Plaintiff and Defendant, Land of Lincoln Housing of Tampico Limited Partnership, a Wisconsin Limited Partnership, entered into a mortgage contract dated July 30, 1999 which was recorded July 30, 1999 as Document No. 8003-99 and was re-recorded on November 29, 1999 as Document No. 12398-99 affecting the property commonly known as 101 and 103 East Kimball, Tampico, Illinois.　*See* Exhibit "Q".
"

49.　　That due to a scrivener's error, the mortgage contained an incorrect commonly known as address of the subject property and incorrect PINs.

50.　　That the commonly known as address of the subject property and PINs description should be:

Commonly Known As:　101 and 103 East Kimball Street, Tampico, Illinois

PINs:　22-14-355-009 & 22-14-355-010

51.　　That it was plaintiff and defendant-borrower's intent to create a valid mortgage contract containing the commonly known as address and PINs as referenced herein.

WHEREFORE, Plaintiff prays as follows:

a.　　That this court enter an order reforming the mortgage which is the subject matter of this action to correct the commonly known as address and PINs.

b.　　Such other and further relief as the Court deems just.

Respectfully submitted,

Gary S. Shapiro
United States Attorney

By:　*s/ Kimberly J. Goodell*
KIMBERLY J. GOODELL
Attorney for the Plaintiff
Potestivo & Associates, P.C.
223 W. Jackson Blvd., Suite 610
Chicago, Illinois 60606
kgoodell@potestivolaw.com

39